UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOELLA LIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-1078 |
| ) | Case No. 3:05-1079 |
| ) | Judge Brown |
| KIMBERLY SMITH, ET AL., ) | |
| ) | |
| Defendants. ) | |

To:   The Honorable Robert L. Echols, United States District Judge

REPORT and RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that these consolidated actions be dismissed in part for want of federal jurisdiction, in part for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and in part as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The undersigned further RECOMMENDS that any appeal NOT be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

INTRODUCTION

The plaintiff, proceeding *pro se* and *in forma pauperis*, resides in Clarksville, Tennessee. (Docket Entry No. 1, ¶ 2, p. 1)[1] In the first action, Case No. 3:05-1078, the plaintiff names Kimberly Smith, Marshalette Lilly, and Brenda Neal as defendants. (Docket Entry No. 1, ¶ 3, p. 2)  In the second action, Case No. 3:05-1079, she names Greg Smith and General Sessions Judge John J. (Jack) Hestle as defendants. (Case No. 3:05-11079, Docket Entry No. 1, ¶ 3, p. 2)

In Case No. 3:05-1079, the plaintiff states that the statement of her claim was "put on notebook paper with the first . . . complaint." (Case No. 3:05-1079, Docket Entry No. 1, ¶ 4, p. 2) Although the defendants are different in the two actions, the District Court determined that "the

---

[1]   As noted below, the two cases that are the subject of this Report and Recommendation have been consolidated under Case No. 3:05-1078.  Unless specified otherwise, references to the record pertain to Case No. 3:05-1078.

claims and facts are identical in both complaints" and ordered the actions consolidated with Case No. 3:05-1078 as the lead case. (Docket Entry No. 4, pp. 1-2)

The consolidated action was referred to the Magistrate Judge on December 22, 2005 for an initial frivolity review pursuant to 28 U.S.C. § 1915(e)(2) and "further proceedings, if necessary, under Rule 72, Federal Rules of Civil Procedure, and Local Rules of Court." (Docket Entry No. 4)

## BACKGROUND

The plaintiff asserts that she had temporary custody of her granddaughter, Ashley Grinnels. (Docket Entry No. 1, ¶ 4, p. 2) Although not entirely clear, it appears that the plaintiff was to have had custody until a judicial hearing scheduled for September 15, 2005 but that the granddaughter was removed from her custody following a September 1, 2005 meeting with representatives of the Tennessee Department of Children's Services (DCS). (Docket Entry No. 1, ¶ 4, p. 3) The impetus for the meeting and subsequent removal of the granddaughter from the plaintiff's custody appears to have been a July 27, 2005 police report of an unspecified nature, unexplained circumstances involving a "young boy" who visited the granddaughter following which the plaintiff put the "young boy" out of her home, and allegations that the plaintiff was sleeping with her granddaughter. (Docket Entry No. 1, ¶ 4, pp. 2-3) Again, although not entirely clear from the complaint, it appears that the State took formal custody of the granddaughter following the September 15 judicial hearing and that the plaintiff is not permitted any further contact with her. (Docket Entry No. 1, ¶ 4, p. 5)

In connection with the foregoing, the plaintiff alleges that defendant Lilly "was threatening" when she called following the circumstances involving the police report and the "young boy," that defendant Lilly was "highly upset" at the meeting that followed because the plaintiff had sent the "young boy" away, that defendant Lilly "is a very dominating person whom confused [the plaintiff's] grandaughter [*sic*] and twisted what she told her," and that defendant Lilly had obtained

2

copies of the granddaughter's "text messages" from the plaintiff's cell-phone account without a warrant. (Docket Entry No. 1, ¶ 4, pp. 2-5) The plaintiff asserts that defendant Brenda Neal attended the September 1 meeting but spoke only of "being a virgin and [that] coming from a doctor was a myth." (Docket Entry No. 1, ¶ 4, pp. 3-4) The plaintiff asserts that defendant Greg Smith "said" at the September 15 judicial hearing that the granddaughter was in "immediate danger." (Docket Entry No. 1, ¶ 4, p. 6) Finally, the plaintiff alleges that Judge Hestle should have recused himself because of a "conflict of interest," *i.e.*, Judge Hestle allegedly removed the plaintiff's other granddaughter from her custody in 1999. (Docket Entry No. 1, ¶ 4, p. 6) Although the plaintiff does not mention defendant Kimberly Smith in the statement of the claim, she does allege that her granddaughter's mother, Shannon Payton, wanted her daughter to "help her kill" the plaintiff and that the plaintiff has a "hit list" to that effect. (Docket Entry No. 1, ¶ 4, p. 7)

According to the plaintiff, her doctor, Dr. Christopher Dull, told her that the defendants' actions were "demoralizing" her. The plaintiff seeks the following relief: 1) to have custody of her granddaughter returned to her; 2) to have the granddaughter returned to her mother; 3) to be paid unspecified damages for the defendants' alleged conduct; 4) to ensure that what allegedly happened to her does not happen to others.

ANALYSIS

Before a civil action may proceed in federal court, the plaintiff must show that her claims fall within the scope of the district court's subject matter jurisdiction. The district court is a court of limited jurisdiction with the authority to adjudicate only claims involving a federal question under 28 U.S.C. § 1331May 9, 2006 and those involving parties with diversity of citizenship under 28 U.S.C. § 1332. The district court is required to consider the issue of jurisdiction *sua sponte* if necessary. *See Hadley v. Werner*, 753 F.2d 414, 516 (6th Cir. 1985); *Douglas v. E.G. Baldwin &*

*Assoc's, Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

It is clear from the complaint that the plaintiff is challenging the State's action in removing the granddaughter from her custody. To the extent that the plaintiff is challenging the DCS actions that led to the granddaughter being removed from the plaintiff's custody, the law well established that "[t]he whole subject of the domestic relations . . . belongs to the laws of the states and not the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-594 (1890); *see Sosna v. Iowa*, 419 U.S. 393, 404 (1975)("regulation of domestic relations . . . has long been regarded as a virtually exclusive province of the States"). To the extent that the plaintiff is challenging the judicial hearing that formally placed the granddaughter in state custody, the law is equally well established that federal district courts lack jurisdiction to consider challenges to state court decisions arising out of state judicial proceedings even if the plaintiff alleges that the result of those state court proceedings was unconstitutional. *See Rooker v. Fidelity Trust co., et al.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As explained above, the district court is without jurisdiction to consider the plaintiff's complaint as it pertains to the custody of her granddaughter.

The plaintiff also alleges that the defendants violated her rights, that the defendants "demoralized" her, and that Judge Hestle should have recused himself from the judicial proceedings involving her granddaughter. (Docket Entry No. 1, ¶ 1, p. 1) The Court liberally construes these allegations to be independent of her domestic relations claim.

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted.

4

28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii).  A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact."  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless.  *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

The plaintiff alleges first that the defendants violated her rights; however, she does not identify which defendants or specify what rights.  Absent any specifics, the Court liberally construes the complaint to allege that defendant Lilly obtained copies of the granddaughter's text messages from the plaintiff's cell-phone account without a court order in violation of the plaintiff's rights under the Fourth Amendment.  Apart from this naked allegation, however, the plaintiff does not provide any facts in support of her claim.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).  More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements.  *Id.*  Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.  *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations.  *Wells*, 891 F.2d at 594 (6th Cir. 1989)(citing *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir. 1983)).  Conclusory pleadings are insufficient and will be dismissed.  *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).  Because the plaintiff

5

fails to provide any factual allegations in support of her claim that defendant Lilly obtained information from her cell-phone account without a court order, the claim is conclusory and, as such, the plaintiff fails to state a claim on which relief may be granted.

The plaintiff alleges next that the defendants "demoralized" her. However, being "demoralized" does not constitute a federal question inasmuch as it does not constitute a claim that arises under either the Constitution or laws of the United States. Consequently, the Court lacks jurisdiction over this claim under § 1331.

Finally, the plaintiff alleges that Judge Hestle should have recused himself from the proceedings. However, "[f]ew doctrines [are] more solidly established . . . than the immunity of judges from the liability for damages for acts committed within their judicial jurisdiction." *See Ray v. Pierson*, 386 U.S. 547, 553-45 (1967)(citing *Bradley v. Fisher*, 13 wall. 335, 20 L.Ed. 646 (1872)). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(*per curiam*). Moreover, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Ray*, 386 U.S. at 554 (immunity applies "even when the judge is accused of acting maliciously and corruptly") and *Harlow v. Fitzgerald*, 457 U.S. 800, 815-819 (1982)(allegations of malice are insufficient to overcome immunity)).

Notwithstanding the foregoing, the Supreme Court has held that judicial immunity may be overcome in two instances. In the first instance, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions taken outside the judge's judicial capacity. *Mireles*, 502 U.S. at 11 (citing *Forrester*, 484 U.S. At 227-229 and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)). To determine whether an act is in the judge's judicial capacity, the Supreme Court has established a two-prong test. The first half of the test is to determine whether the function is one "normally performed by

a judge." *Stump*, 435 U.S. at 362. This so-called functional approach examines the nature and function of the act, not the act itself. *Mireles*, 502 U.S. at 13 (citation omitted). Even if a particular act is not a function normally performed by a judge, the court is required to "look to the particular act's relation to a general function normally performed by a judge." *Id*. The second half of the Supreme Court's two-prong test is to determine whether the judge's action is judicial is to "assess whether the parties dealt with the judge in his or her judicial capacity." *Stump*, 435 U.S. at 362. Finally, the second instance in which a judge is not immune involves those actions, although judicial in nature, that are taken in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 356-357 and *Bradley*, 13 Wall. at 351). In other words, even if a judge's actions are judicial in nature, the judge may not be entitled to immunity if he was without jurisdiction to take those actions.

The statement of the claim supports that conclusion that Judge Hestle was acting in his judicial capacity in ordering that the granddaughter be formally placed in state custody, nor does the plaintiff allege otherwise. Moreover, based on the plaintiff's statement that Judge Hestle removed the plaintiff's other granddaughter from her custody in 1999, and absent any allegations to the contrary, the Court concludes that Judge Hestle had jurisdiction in the action that placed the second granddaughter in state custody. Because neither of the exceptions to judicial immunity pertain, Judge Hestle is entitled to absolute immunity from the plaintiff's claim. Lacking an arguable basis in law or fact, the plaintiff's claim against Judge Hestle is frivolous.

## RECOMMENDATION

For the reasons stated below, the undersigned RECOMMENDS that these consolidated actions be dismissed in part for want of federal jurisdiction, in part for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii), and in part as legally frivolous

7

under 28 U.S.C. § 1915(e)(2)(B)(i). The undersigned further RECOMMENDS that any appeal NOT be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, the plaintiff has ten (10) days from receipt of this Report and Recommendation within which to file with the district court any written objections to the proposed findings and recommendations made herein. Failure to file objections within the time frame specified may constitute a waiver of further appeal of this Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 16th day of May, 2006.

/s/ Joe B. Brown
Joe B. Brown
Magistrate Judge

8